Good morning again, Judge Fletcher, Judge Nelson, Judge Behan. I reserve all my time. Before you reserve all your time, could you identify yourself for the record? I'm sorry, it's the second time this week I've forgotten to do that. My name is Steve Iagones. Now, you know, I've seen this before, not only in the case immediately before you, but I've seen you do this before. You are supposed to go first, and if you intend to do a full 10-minute argument in rebuttal, I'd prefer that you actually make your argument now and preserve your rebuttal time for rebuttal. I understand the rules, and I intend only to make a rebuttal, and I know that very, very well. I believe that my brief and the motion to dismiss completely inadequately set forth the plaintiff's position in this case, and I'm mindful of what the court said at the beginning of all the arguments that there are a lot of cases on today, and I'm trying to do this in conformity with that. I don't want to repeat things that are set forth in my brief. Okay, thank you. I do have a question. Did your firm represent Ms. Prien in the district court? Yes. And was it the retired partner that represented her? No, it was me. Okay. It appears that there was no appearance on behalf of the plaintiff at the district court hearing on the motion to dismiss or the district court hearing on the motion for summary judgment, and I wondered if that was deliberate or an oversight or how that came to be. If that's so, and I don't recall it would have been deliberate, I don't remember a motion for summary judgment. I think it was a motion to dismiss. All right, thank you. You're welcome. Good morning, Pete Ferguson for defendants. To answer the court's last question, during the penancy of the criminal matter, Ms. Prien was represented by Mr. Yaglin in the criminal matter as well as representing Ms. Prien in the civil matter. There was first a status conference where Mr. Yaglin did not appear, and I informed the court at that time because I knew Mr. Yaglin was in a jury trial in that case, and that's why the court had stayed the matter pending the outcome of the criminal matter. During that penancy, because parties were served at different times, I first brought a summary judgment motion, and then I brought a 12 v. 6 to remaining parties that were served thereafter. That's why the procedural record is as it is. The answer to this case, whether or not case number one or case number two, I think as the plaintiff wants to divide it up as being two different things or two different animals, really is only two different cases because they're two different numbers. But the record is very clear, and the district court saw that the criminal case number one was refiled immediately, in fact the same day, and referenced the fact that it was the same case being refiled. So we have one animal, and from this one animal, from this one being, this one case resulted in the murder conviction of Ms. Prien, the plaintiff. Now we have this conviction, and we have the civil case that the district court looked at and made a determination that if, really the court made two determinations. The first element of the heck argument is has there been a reversal, an expungement of the prior case, and there had not. And then the court makes the determination, if the plaintiff prevails on this case, would that necessarily imply an invalidity or invalid action on the criminal matter? The court said it was. The plaintiff never argued otherwise in the district court, that issue in the 12B6 motion or the summary judgment motion, and doesn't argue it in their opening brief here. I think if the court looks to the heck rationale of why heck even implies. The rationale is they go to the common law tort of malicious prosecution to determine whether or not there's a finality, and whether or not there should be a conflict between two decisions. The common law concept that arises or comes out of the tort of malicious prosecution. I state in my brief, and it's in the restatement second of torts, that if you have one case, that case is immediately refiled. It's the same action. That's why it's the same action here. There are a lot of reasons why criminal cases are dismissed and then refiled. That's not an issue before this court, but it's the same case. That is the issue before this court. Plaintiff would like to think that, well, my complaint only goes to only those actions resulting in the first claim, and not the second claim. Well, you can say it, but it's not the same thing. It all results from the same action. The complaint of false arrest, the claim of supporting perjury, the claim of malicious prosecution. Whether it's the first case, or I say the first case that had a particular case number, or the second case with a particular case number, the same alleged actions go to the entire record. If there are any other questions. Weren't there some counts, or however you call them in California, in the refiled complaint that were not in the first? The refiled case had the identical claims in the first case, and then added more claims of negligent endangerment claims. And she was convicted on both the original claims and the later claims. She had all claims. She was convicted on all claims. Okay. Counsel, Mr. Jagman tells us that the case of Gensler versus Longenbach is controlling here, and that we really ought to reverse in a summary way based on that case. Are we bound by that case? And if not, why not? Gensler is just not applicable here. The case of Gensler, in fact, was a case where there were two trials. And in the first trial, there was a jury verdict. And then that verdict went to appeal. There was a reversal on the first case. And then there was a refiling after the reversal of that criminal case that also resulted in a verdict. The first case resulted, that was reversed, was, I believe, for second-degree murder. And the second case resulted in an involuntary manslaughter. Specifically, I believe the court there found that the claims alleged by the plaintiff did not revolve or would not necessarily invalidate the second jury verdict. In fact, the result from actions by the prosecutor in the first case, which resulted from the court of appeal, one of the reasons why it reversed. And in fact, the San Diego District Attorney's Office was recused because of their activity. And then the second case was ultimately prosecuted by the California Attorney General. So the cases are factually in opposite. Case one did result in an appeal after a verdict, which we don't have in this case. Well, in footnote one of Gensler says, because Gensler does not allege conduct that would necessarily imply the invalidity of a conviction after the second trial, the suit is not barred by heft. Yes, because the facts that happened in case one were completely different of what the prosecutor, this conduct was alleged. And in this case, the argument is that a successful 1983 suit would necessarily imply the invalidity of the second conviction. It may be. That's the argument. But now we're back to whether or not it's the same animal. That's right. And that's why I keep talking about. In Gensler, in Gensler, the error was one of the errors besides the improper recusal was a failure to give a manslaughter. Pardon me. To give a manslaughter instruction for self-defense. And that was given in the second case. And there was a conviction. But there was also allegations of there was a recusal motion. Because it had been suborn perjury. Suborn perjury and how that came about and the ethical problems related to that, which is not this case at all. Thank you. Thank you. Rebuttal. Four very quick points. One, the burden is on the defense to prove that heck applies because it's an affirmative defense. Two, heck is a peculiar kind of accrual bar. And a claim that is already accrued can't be barred from having accrued because you can't go backwards in time no matter how one interprets heck. Three, the two cases in issue here were not the same case because, as was set forth in the response to Judge Nelson's question, there were additional charges in the second case that weren't present in the first case although the top charge was the same. Last, Gensler versus Logenbach, which I believe was written by Judge Fletcher, if I'm correct, does apply here, clearly applies, unless that isn't followed the plaintiff should prevail on this appeal because in the Gensler case the facts underlying the conviction at each of the trials were the same though the conviction was for a lower species of homicide in Gensler in the second trial than it was in the first trial. And that's the end of my brief rebuttal. Okay. Thank you very much. That was a true rebuttal. The case of Cregan versus Trask is now submitted for decision. The next case on the argument calendar is Porto-Forbes versus Gonzalez.
judges: T.G. Nelson, W. Fletcher, Bea